# THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Upstate Plumbing, Inc., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> AAA Upstate Plumbing of Greenville, LLC, <br><br> Defendant and Counterclaimant. | Civil Action No.: 6:17-cv-521-AMQ |

## ORDER GOVERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Based upon the Joint Motion for Entry of Proposed Order Governing Electronically Stored Information (ECF No. 37), the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. If the parties cannot resolve their disagreements regarding modifications, the parties may submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. For purposes of this Order, requests for electronic mail are treated separately than requests for any other type of electronic record.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 do not require production of metadata absent a showing of good cause.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 do not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests. Although this provision is intended to avoid the requirement and expense of mass ESI searching for the parties and counsel, it is not intended to, nor shall it be interpreted to conflict with the following:

    (a) Given its growth in importance in communication and the realities of its use, emails can include communications in a civil action that are important to a just adjudication.

    (b) While the parties are not required to conduct mass searches of ESI and emails except as allowed under this consent order, known and relevant discoverable ESI and emails are still subject to discovery under the Federal Rules of Civil Procedure to the extent requested in a proper discovery request.

8. Email production requests will only be propounded for specific issues, rather than general discovery of a product or business. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

9. Each requesting party shall limit its email production requests through mass ESI searches to a total of three custodians per producing party and not more than twenty search terms per custodian. The parties may jointly agree to modify these limits, or agree on ESI mass

search protocol otherwise deemed reasonably appropriate for the case, without the Court's leave.

10. All documents that exist in paper form, and all ESI documents or emails that are redacted to remove privileged information or communications, shall be produced as pdf or tiff images.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production will not automatically constitute a waiver for any purpose.

IT IS SO ORDERED.

                                                               s/A. Marvin Quattlebaum, Jr.
                                                               A. Marvin Quattlebaum, Jr.
                                                               United States District Judge

July 31, 2018
Greenville, South Carolina